# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>THOMAS F. DENTON,<br><br><div align="center">Petitioner.</div> | No. 59714-4-II<br><br>UNPUBLISHED OPINION |

LEE, J. — In this personal restraint petition (PRP), Thomas F. Denton seeks relief from personal restraint following the imposition of conditions of release by the Indeterminate Sentence Review Board (ISRB). We dismiss Denton's PRP as untimely.

## FACTS

In 2005, Denton pleaded guilty to three counts of first degree rape of a child. Denton was sentenced to indeterminate sentences with a maximum term of life on each conviction.

In 2020, the ISRB determined that Denton could be released to community custody. The ISRB imposed conditions of release, which Denton signed on January 30, 2020. The conditions of release notified Denton that he could challenge the conditions of release by filing an appeal with the ISRB within one business day of signing the conditions of release.

In June 2021, Denton's prior attorney sent a letter to the ISRB asking that some of Denton's 2020 conditions of release be modified or stricken. On July 20, 2021, the ISRB responded by adding two additional conditions, modifying one condition, striking one condition, and leaving the remaining conditions in place (2021 conditions of release). The ISRB's response included another

notice informing Denton than an appeal must be postmarked no later than one business day from the day Denton signed the conditions of release.

Denton alleges that on July 21, 2021, his attorney sent another letter to the ISRB renewing Denton's challenge to the 2020 conditions of release and challenging the additional 2021 conditions of release. A letter to the ISRB that appears to be drafted by an attorney and dated July 21 is attached to Denton's PRP. There is no evidence before this court that the letter was mailed or forwarded in some other manner to the ISRB or the date that the letter may have been postmarked.

Almost two years later, in April 2023, Denton retained a new attorney who filed a motion to modify the ISRB's conditions of release in the superior court.[1] On May 5, the superior court denied Denton's motion to modify because it did not have authority to modify conditions of release imposed by the ISRB.

On May 10, Denton's new attorney sent another letter to the ISRB, alleging that on July 21, 2021, Denton's first attorney appealed the ISRB's 2021 conditions of release. The May 10, 2023 letter again sought to have the ISRB strike a release condition requiring his internet usage to be monitored—a condition that had been imposed in his original 2020 conditions of release. On June 12, 2023, the ISRB responded that it had no record of a July 21, 2021 letter from Denton's prior attorney. The ISRB also informed Denton that there was no additional internal review available after the ISRB already responded to one appeal of the 2020 conditions of release and Denton would have to pursue any additional challenges to his conditions of release through a PRP.

---

[1] The motion to modify attached to Denton's PRP has a signature line dated July 24, 2022. However, there is no filing date stamp on the motion. Further, the Pierce County Superior Court docket sheet presented by the ISRB shows a motion to modify filed on April 14, 2023. Further, the docket sheet does not show any filings between May 2021 and April 2023.

On June 24, 2024, Denton filed this PRP challenging the 2020 and 2021 conditions of release imposed by the ISRB.

ANALYSIS

The ISRB argues that Denton's challenges to the ISRB's conditions of release imposed in 2020 and 2021 are untimely because RCW 4.16.130 requires challenges to ISRB's conditions of release to be filed within two years. Denton argues that his PRP is timely because he had pursued an appeal of the conditions of release with the ISRB and the statute of limitations did not begin running until he received the ISRB's June 12, 2023 letter informing him that the ISRB's internal appeal process was exhausted. Denton further argues that, alternatively, his PRP should be considered timely based on equitable tolling. We disagree with Denton and dismiss this PRP as untimely.

A.     TIMELINESS

The two year, catch-all statute of limitations in RCW 4.16.130 applies to PRPs alleging unlawful restraint resulting from a decision other than in a criminal judgment and sentence.[2] *In re Pers. Restraint of Betts*, 21 Wn. App. 2d 173, 177-78, 505 P.3d 148 (2022). Specifically, when challenging a condition of release imposed by the ISRB upon release of an offender to community custody, the statute of limitations begins to run when the challenge to the condition becomes ripe (i.e., when the person is harmfully affected by the condition). *In re Pers. Restraint of Allgoewer*, 30 Wn. App. 2d 388, 399-400, 545 P.3d 348 (2024).

---

[2]  To the extent that Denton argues that the one-year time bar in RCW 10.73.090 should apply and, therefore, the time bar did not begin to run until the ISRB decision was "final," Denton is incorrect. RCW 10.73.090(1) provides, "No petition or motion for collateral attack *on a judgment and sentence in a criminal case* may be filed more than one year after the judgment becomes final." (Emphasis added.)  By the plain language of the statute, RCW 10.73.090 applies only to challenges to a judgment and sentence in a criminal case and is inapplicable here. *See also In re Pers. Restraint of Betts*, 21 Wn. App. 2d 173, 175-77, 505 P.3d 148 (2022).

Here, Denton challenges multiple conditions of release imposed by the ISRB that he alleges are not reasonably related to his crimes of conviction, including restraints on his possession and consumption of alcohol, restraints on his access to the internet and electronic devices, and restrictions on his entering into social or dating relationships with other adults. Denton also challenges conditions related to restricting travel, avoiding places where children congregate, and requiring polygraph testing as unconstitutionally vague. All of the challenged conditions immediately subject Denton to some form of restraint and regulated or restricted his behavior. Because Denton was immediately harmfully affected by the challenged conditions of release, Denton's challenge to those conditions became ripe when they were imposed. Accordingly, the statute of limitations began running, at the latest, in July 2021 when the ISRB responded to Denton's appeal of the 2020 conditions of release.

Because the statute of limitations began running, at the latest, in July 2021, Denton had until July 2023 to timely file this PRP. Denton did not file this PRP until June 2024—almost a year after the expiration of the statute of limitations. Accordingly, Denton's petition is untimely.

However, Denton argues his PRP should be considered timely because the statute of limitations did not begin to run until June 2023, when the ISRB informed him he had exhausted the internal ISRB appeal process. Denton further argues that, alternatively, equitable tolling should apply to his PRP.

B.    STATUTE OF LIMITATIONS AND THE ISRB APPEALS PROCESS

Denton argues that RAP 16.4(d) requires a petitioner to exhaust any alternative administrative remedies before being able to file a PRP.[3] The ISRB argues that Denton's attempt

---

[3] Denton also appears to argue that we should treat PRPs as criminal appeals and reject any argument that relies on principles related to civil litigation, including applying RCW 4.16.130. However, it is well-established that, although PRPs address restraint generally resulting from

to pursue the ISRB's internal appeals process does not toll the statute of limitations because there is no requirement to exhaust administrative remedies prior to filing a PRP.

Here, even if we assumed, without deciding, that RAP 16.4(d) required tolling the statute of limitations while a petitioner was pursuing an administrative appeal with the ISRB, Denton has failed to demonstrate that he was pursuing a valid ISRB appeal that would toll the statute of limitations.

Former RCW 9.94A.704(10)(c) (2019) governed the appeals of ISRB conditions to the ISRB in 2020 and 2021, and provided:

> By the close of the next business day, after receiving notice of a condition imposed by the [ISRB] or the department, an offender may request an administrative hearing under rules adopted by the [ISRB]. The condition shall remain in effect unless the hearing examiner finds that it is not reasonably related to any of the following:
>> (i) The crime of conviction;
>> (ii) The offender's risk of reoffending;
>> (iii) The safety of the community.

Thus, a valid appeal to the ISRB was required to be filed within one business day of the offender receiving notice of the conditions.

Denton's first alleged appeal to the ISRB was filed more than a year after Denton received notice of the 2020 conditions of release. Therefore, that appeal was not timely filed and, despite the ISRB's voluntary consideration of his 2020 conditions of release, Denton did not have a pending administrative appeal that would justify tolling the statute of limitations. Denton's choice to pursue relief by requesting the ISRB reconsider its conditions outside the statutory requirements of an administrative appeal was just that—a request. Accordingly, Denton has failed to show that

---

criminal convictions, PRPs are treated as civil actions and not criminal appeals. *See In re Pers. Restraint of Heck*, 14 Wn. App. 2d 335, 340-41, 470 P.3d 539 (2020), *review denied*, 196 Wn.2d 1047 (2021).

his first letter to the ISRB was an administrative appeal that would warrant tolling the statute of limitations.

Denton also fails to establish that a second attempted appeal was actually filed after the ISRB modified its conditions of release in July 2021. Denton claims that he believed his prior attorney filed a letter challenging the ISRB's 2021 conditions of release and has included what appears to be a draft of that letter. However, there is nothing in the record establishing that the letter was actually sent to or received by the ISRB. In fact, the record shows that the ISRB has no record of having received such a letter. Therefore, Denton has failed to establish he actually initiated a second appeal in 2021 with the ISRB that would justify tolling the statute of limitations.

Thus, even if we assumed that RAP 16.4(d) required the tolling of the statute of limitations while a petitioner was pursuing an administrative appeal with the ISRB, Denton fails to establish that any valid, timely appeals to the ISRB had actually been filed or were being pursued. Accordingly, Denton's argument fails.

C.    EQUITABLE TOLLING

Alternatively, Denton asserts that he should be entitled to relief from the statute of limitations based on equitable tolling. We disagree.

"Equitable tolling is a remedy, used sparingly, that allows an action to proceed 'when justice requires it, even though a statutory time period has elapsed.'" *In re Pers. Restraint of Fowler*, 197 Wn.2d 46, 53, 479 P.3d 1164 (2021) (quoting *In re Pers. Restraint of Bonds*, 165 Wn.2d 135, 141, 196 P.3d 672 (2008)). Applying equitable tolling to PRPs "is warranted when a petitioner shows they have diligently pursued their rights and the petition was untimely because of bad faith, deception, or false assurances." *Id*. at 53. Exceptional diligence is not required;

however, "a petitioner is required to act as diligently as reasonably can be expected under the circumstances." *Id*. at 56-57.

Here, Denton has taken more than three years to pursue his rights through a PRP. Denton waited more than a year before filing his initial challenge to the ISRB's 2020 conditions of release. And even if we accepted Denton's claim that he believed his prior attorney had filed a second challenge to the conditions of release in 2021, Denton failed to further pursue that challenge for more two years despite having previously received a response to his first challenge to the 2020 conditions of release from the ISRB in less than two months. And then, after waiting an entire year after believing his attorney had sent a letter to the ISRB, Denton chose to file a motion with the superior court—which has no jurisdiction over the ISRB—instead of pursuing a PRP. Further, there is nothing in our record showing that Denton took any action to follow-up with his attorney with regard to his alleged challenge to the 2021 conditions of release, why Denton terminated the relationship with his prior attorney, or how long it was between terminating the relationship with his first attorney and hiring his current counsel. *See id*. at 56-57 (petitioner exercised reasonable diligence by repeatedly contacting counsel to check on his case, obtaining assurances from counsel that counsel was working on the case, and promptly retaining new counsel before the expiration of the time bar). Even after learning in June 2023 that the ISRB had no record of the alleged 2021 letter challenging the 2021 conditions of release, Denton waited another year before filing this PRP.

The extended periods of time that Denton has delayed pursuing any relief, let alone pursuing a PRP, fail to demonstrate that Denton acted with diligence under the circumstances. Because Denton has failed to diligently pursue his rights, application of equitable tolling is not warranted in this case.

7

Also, there is nothing in the record to support bad faith, deception, or false assurances. Moreover, there is no record that Denton's attorney engaged in any improper conduct causing the July 2021 letter to not be sent to the ISRB. Accordingly, Denton's attempt to rely on equitable tolling fails.

## CONCLUSION

Denton's PRP was filed more than two years after the statute of limitations in RCW 4.16.130 was triggered. Even if we assume that the statute of limitations is tolled when pursuing an administrative appeal with the ISRB, Denton has failed to show any valid, timely appeals to the ISRB had actually been filed or were being pursued. Moreover, Denton fails to show that he diligently pursued his rights such that equitable tolling is warranted. Therefore, Denton's PRP is untimely. Accordingly, we dismiss Denton's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, P.J.

Glasgow, J.

8